## LINCK v. JOHNSON.

### L. A. No. 1102; November 9, 1901.

#### 66 Pac. 674.

**Mechanic's Lien.**—**The Fact That a Contract, as to One Item,** is improperly set forth in the notice of a mechanic's lien, will not render the lien void as to the other items, concerning which the contract was correctly stated, but recovery can be had for all such items as are correctly stated.

**Mechanic's Lien.**—**Where, in an Action to Foreclose** a mechanic's lien, it is stipulated that defendant was at all times represented by her father as her agent in all the matters in controversy, that proof of such agency is unnecessary, and that her father attended to all business with plaintiff, evidence that such father told witness, when he wanted materials, to order them, and that when materials were wanted the father either ordered them or directed the witness to do so, is admissible to show authority for supplying extra materials.

**Mechanic's Lien—Foreclosure—Costs and Fees.**—Under Code of Civil Procedure, section 1195, providing that the court must allow, as a part of the costs on foreclosure of a mechanic's lien, the money paid for filing and recording the lien, and reasonable attorney's fees—such costs and fees to be allowed to lien claimants whose liens are established—a party establishing a claim is properly allowed such fees and costs where defendant makes no tender of the amount due, or offer to allow judgment for any sum.

APPEAL from Superior Court, Los Angeles County; M. T. Allen, Judge.

Action by F. X. Linck against Miss M. M. Johnson. From a judgment for plaintiff, defendant appeals. Affirmed.

Taylor & Forgy for appellant; C. J. Brown for respondent.

COOPER, C.—Appeal from judgment on a bill of exceptions. The action was brought to foreclose a lien for materials furnished by plaintiff, to be used, and which were used, in the construction of a building upon the premises described in the complaint. By the terms of the contract between the parties the plaintiff agreed to furnish to defendant certain moldings, turning, brackets and material for inside finish

52

for the sum of $410. The plaintiff complied with the contract, and the amount thereof, except the sum of $160, was paid by defendant. The complaint alleged the contract, and sought a decree for the recovery of the $160. It also alleged that 'the plaintiff furnished extra materials, to be used, and which were used, in the building, of the value of $55.60. The defendant in her answer admitted the balance due on the contract as alleged in the complaint, and that the further sum of $28.45 was due for extras, but denied that any further or greater sum was due. It was expressly alleged in the answer "that the total sum due plaintiff on account of the said contract and said extras is $188.45, and no more, and this sum said defendant is ready, able, and willing to pay." The real amount in dispute, according to the verified pleadings, is the sum of $27.15. By the judgment the court found that the amount due plaintiff for extras is $26.30, which is forty-five cents less than is admitted by the answer to be due. The judgment was for the balance due under the contract, $160, for $26.30 for extras, with interest upon said amounts at the legal rate, for $20 attorneys' fees, and for costs, and that the same be declared a lien upon the premises, and that they be sold to satisfy said judgment. The real amount now in controversy is the attorneys' fees and costs. It is claimed that the evidence shows a variance from the contract set forth in the notice of lien. The notice of lien states that the extras were furnished for their reasonable value, and that no price was agreed upon; that they were furnished upon an implied contract. The evidence showed that in the sum total of extras was an item of $11.75 for small doors, which were furnished at the agreed price of $11.75. There was a variance as to the said item, and the court excluded it. After the exclusion of this item there was no variance. We cannot hold that because the contract, as to one item, was improperly set forth in the notice of lien, the lien was void as to all other items concerning which the contract was correctly stated. If such rule were adopted, it would result in almost wholly defeating the purposes and objects of the lien law. It is sufficient to hold that no recovery can be had, except for such materials as were furnished under the terms of the contract set forth in the notice of lien. It was not error to allow the witness Dougherty to testify as to giving orders

for the materials claimed to be extras. The witness testified that Johnson (defendant's father) told him when he wanted materials to order them, and that when materials were wanted Johnson either ordered them or directed witness to do so. At the beginning of the trial it was stipulated between the parties "that said defendant was at all times represented by her father, G. R. Johnson, as her agent in all the matters in controversy herein; that proof of such agency is unnecessary; and that said G. R. Johnson attended to all the business with plaintiff."

The plaintiff was properly allowed costs and attorneys' fees: Code Civ. Proc., sec. 1195. Defendant did not make any tender of the amount due, nor any offer to allow judgment to be taken against her for any sum, and therefore is not protected by any provision of the code as to costs.

This case illustrates the fact that many appeals are brought to this court that involve no sum of importance and no principle of law. It would tend greatly to aid this court in clearing its calendar if the members of the bar would not burden us with appeals upon frivolous or technical questions, in which no principle is involved, and the amount is not sufficient to pay the costs of printing the transcript.

The judgment should be affirmed, with $100 damages to plaintiff.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed, with $100 damages to plaintiff.